```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION


RANDY JONES,

          Plaintiff,         Case No.: 8:12-cv-419-T-33TGW
v.

BANK OF AMERICA, N.A.,

          Defendant.
_____/
```

### ORDER

This matter comes before the Court pursuant to Defendant Bank of America, N.A.'s Motion to Strike Jury Demand (Doc. # 27), which was filed on July 16, 2012.  Plaintiff Randy Jones filed a Response in Opposition to the Motion (Doc. # 29) on July 27, 2012.  The Court denies the Motion for the reasons that follow.

### Discussion

Plaintiff brings this action against Defendant for violations of the Florida Consumer Collection Practices Act and the Telephone Consumer Protection Act.  To summarize, Plaintiff asserts that Defendant telephoned him, including at this workplace, eight to twelve times per day, every day, in an effort to collect a debt from Plaintiff, after Plaintiff directed Defendant to stop making such calls.  Plaintiff retained counsel and advised Defendant that Defendant should

contact counsel, rather than Plaintiff. The calls to Plaintiff, including those made to his workplace, continued.

Plaintiff included a jury demand in his complaint, which was filed on February 24, 2012. (Doc. # 1). Defendant moves to strike the jury demand on the basis of a jury trial waiver Plaintiff signed when Plaintiff borrowed from Defendant by signing a Mortgage and HELOC Mortgage. That jury trial waiver states, "The Borrower hereby waives any right to trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."

Defendant contends that Plaintiff's present consumer protection suit is "related to" the Mortgage and HELOC Mortgage. In support of this proposition, Defendant cites three inapposite cases: Palomares v. Ocean Bank of Miami, 574 So. 2d 1159 (Fla. 3d DCA 1991); Gelco Corp. v. Campanile Motor Serv., Inc., 677 So. 2d 952 (Fla. 3d DCA 1996); and Vista Centre Venture v. Unlike Anything, Inc., 603 So. 2d 576 (Fla. 5th DCA 1992). Although these cases mandate the enforcement of valid jury trial waivers, the cases do not address the issue presented here: the scope of such a waiver. In the case of the present suit, Defendant has failed to present a cogent argument in favor of finding that the present consumer

-2-

protection suit is subject to the jury trial waiver.

This Court has been instructed by the Supreme Court to "scrutinize[] with the utmost care" any curtailment of the Seventh Amendment right to a jury trial. Chauffeurs, Teamsters, & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). It is further this Court's solemn duty to "jealously guard" the fundamental right to a jury trial and "indulge every reasonable presumption against waiver." Jacob v. City of New York, 315 U.S. 752, 752 (1942); Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937); Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995).

Plaintiff asserts that "a foreclosure on property for failure to pay amounts due and an action for violating statutes designed to protect consumers from abusive debt collection practices and cellular telephone calls have nothing to do with one another." (Doc. # 29 at 5). Plaintiff has supported his position with several helpful cases, including Dorn v. Bank of America, 8:12-cv-510-T-23TGW (Doc. # 24, filed October 23, 2012), a case that could not be more similar to the present action. In Dorn, the court declined to enforce a jury trial wavier in the context of a consumer protection action related to debt collection practices when such jury trial waiver was contained in a mortgage. See also Whigum v.

Heilig-Meyers Furniture, Inc., 682 So. 2d 643, 646 (Fla. 1st DCA 1996)("an action to collect a consumer debt is not a compulsory counterclaim to an action under a statute regulating consumer collection practices. . . . The actions do not 'arise' out of the same aggregate of operative facts.").

Here, Defendant has failed to demonstrate that the jury trial waiver encompasses Plaintiff's present action. Therefore, the Court denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Bank of America's Motion to Strike Jury Demand (Doc. # 27) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of July, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel and Parties of Record